ROBERT J. TATE, APPELLANT, v. A. G. RAKOW ET AL., APPELLEES.

FILED MAY 21, 1909.   No. 15,647.

1. Pleading: SUFFICIENCY: OBJECTIONS TO JURISDICTION. Ordinarily the question as to whether a petition contains averments sufficient to state a cause of action will not be considered on a challenge to the jurisdiction of the court.

2. ———: ———: ———. But where an action is brought against a defendant in a county other than that in which he resides, and the summons which is served upon him is directed to and is served by the sheriff of the county of his residence, a challenge to the jurisdiction requires the court to examine the petition in order to ascertain whether the action is one which can only be maintained in the county from which the summons was issued.

3. ———: ———: JURISDICTION. If upon such examination it appears that the petition is insufficient to state such a cause of action, the court is without jurisdiction, and the objection should be sustained.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Courtright & Sidner,* for appellant.

*Jackson & Kelsey, contra.*

BARNES, J.

Plaintiff filed a petition in the district court for Cheyenne county, of which the following is a copy: "Comes now the plaintiff and for cause of action states: (1) The plaintiff is now, and during all the time herein mentioned has been, the owner of the east half of section twenty-six and the east half of section thirty-five, all in township fifteen, range forty-seven, in Cheyenne county, Nebraska. (2) Defendant Detta Rakow is the wife of defendant A. G. Rakow. (3) On September 14, 1907, the plaintiff, by and under the name of R. J. Tate, and the defendant, A. G. Rakow, by and under the name of A. G. Rakow, entered into a contract in writing, a copy of which is hereto attached, marked exhibit A, and made a part hereof. (4) Said contract provided, in substance, that plaintiff should sell to defendant A. G. Rakow, and that said defendant A. G. Rakow should purchase for the consideration of sixteen thousand dollars, the land mentioned in paragraph one hereof, and to pay therefor by delivering his note for $1,600 in part payment, and to pay the balance by conveyance of certain land, and that plaintiff should first inspect the land of defendant, and if then approving the sale he should on October 14, 1907 execute his deed and deposit the same in escrow in First National Bank of Fremont, Nebraska and that if defendant defaulted in the contract he should forfeit all interest in said land and all payment made thereon, and that time was the essence

of said contract. (5) The defendant A. G. Rakow, in accordance with said contract, executed and delivered to the plaintiff his note for the sum of $1,600, the same being given and received in part performance of said contract and in part payment for said land, and plaintiff has sold said note. (6) The plaintiff promptly after executing said contract examined the land of said defendant mentioned in said contract, and promptly thereafter notified the defendant A. G. Rakow of his election to carry out the terms of said contract. (7) Shortly thereafter, and on or before October 14, 1907, the plaintiff, jointly with his wife, executed and acknowledged a good and sufficient warranty deed of said land mentioned in paragraph one hereof, conveying the same to A. G. Rakow, and deposited the same in escrow with First National Bank of Fremont, Nebraska, and also deposited in said bank therewith an abstract of title showing good and sufficient title thereto in the plaintiff, and thereby performed on his part all the terms of said contract to be performed by the plaintiff. (8) The defendants have failed, neglected and refused to carry out any of the terms of said contract to be performed on their part, and have failed, neglected and refused to convey to plaintiff any land or to pay to plaintiff the money in lieu thereof, and the terms of said contract have hereby been broken by the defendants and each of them. (9) Plaintiff now elects to take the benefit of that portion of said contract which says: 'In case said party of the second part shall refuse or neglect to pay said purchase money and interest as agreed herein, said party shall thereby forfeit any right he may have to said land, and also shall forfeit any money paid in part performance to this contract'—and now declares a forfeiture of said sixteen hundred dollar note to the plaintiff and a forfeiture to the plaintiff of the land described in paragraph one hereof. Wherefore plaintiff prays a decree that the title to the land embraced in paragraph one hereof be quieted in the plaintiff, and that the partial payment of $1,600 made on said land be forfeited to the plaintiff, and

for such other relief as in equity may seem proper, and for costs."

A summons was issued directed to the sheriff of Antelope county for service, and was served in said county personally upon the defendants. They separately entered special appearances, and challenged the jurisdiction of the court, assigning as reasons therefor: First, the only service of summons had on the defendants was had in Antelope county, Nebraska; second, no cause of action is stated in the petition upon which the plaintiff could bring an action in Cheyenne county, Nebraska, against the defendant and procure service of summons in Antelope county on them. The objection to the jurisdiction was sustained, and, plaintiff electing to stand on the service, the action was dismissed at his cost, and he brings the case here by appeal.

It will be observed that the petition contains no allegation that the defendants have recorded the contract mentioned therein, and therefore no cloud has been cast upon the plaintiff's title, nor is there any allegation in the petition that the defendants are claiming or have asserted any interest in the property, nor that the plaintiff is now in the possession thereof, or that the land is unoccupied. Now, it may be conceded that as a general rule the sufficiency of a petition cannot be raised by a challenge to the jurisdiction of the court; but this rule, like all others, is subject to certain exceptions, as we shall presently see. Our code, after stating in what counties certain actions shall be brought, provides: "Every other action must be brought in the county in which the defendant, or some one of the defendants, resides, or may be summoned." Code, sec. 60. Now, this action was brought in Cheyenne county against the defendants who, the record shows, reside and were summoned in Antelope county. Service in this manner can only be obtained where the cause of action is one of those which the law requires to be brought in Cheyenne county. It seems clear, therefore, that a challenge to the jurisdiction at the very outset raises the question

whether or not this is such an action. We are therefore compelled to examine the petition in order to determine that question. It must be conceded that, if the petition is insufficient to state a cause of action, then the summons issued to Antelope county is void, and by its service no jurisdiction was obtained of the persons of the defendants. In such a case an objection to the jurisdiction should be treated as a general demurrer to the petition. *Cobbey v. State Journal Co.*, 77 Neb. 626. In that case the petition was held insufficient to state a cause of action, and the judgment sustaining the objections to the jurisdiction and dismissing the action was affirmed. We think this case should be ruled by that decision.

It seems clear that the petition in this case is insufficient to state a cause of action to quiet the title to real estate. At the common law a defendant could only be sued in his own county, and that right, with certain clearly defined exceptions, has been reserved to him by our statute; and, before requiring the defendants to answer to an action brought against them in a county many hundred miles from their place of residence, we should be able to say that the action is one of those within the exceptions, and that the petition should clearly show the existence of such a cause of action as a necessary foundation for the issuance and service of the summons.

For the foregoing reasons, we are of opinion that the judgment of the district court sustaining the objections to the jurisdiction, and in dismissing the action, was right, and it is hereby

AFFIRMED.

REESE, C. J., dissenting.

I find myself unable to agree to the majority opinion. It is provided in section 57, ch. 73, Comp. St. 1907, that an action to quiet title may be maintained by a plaintiff claiming title to real estate, whether the plaintiff be in actual possession or not, against any one claiming an adverse estate or interest therein, for the purpose of de-

termining such estate or interest and quieting the title. While the petition may be defective, as one to quiet title, and even may not contain facts sufficient to state a cause of action, yet I am unable to see that in its present form it can be held to be anything else than one for that purpose. It cannot be for a forfeiture of the note, as plaintiff has no interest in that instrument, nor can it be for either a strict or general foreclosure, for in that event the holder of the note might properly be a party to the action. But, as the prayer is for general relief, it is quite probable that such relief under proper averments might be granted. It must not be forgotten that the question as to whether the petition states a cause of action, seeking any one of the kinds of relief referred to, cannot be considered on the mere challenge of jurisdiction. It is apparent that the pleader sought to in some manner affect the title to the real estate described in the petition. This being true, the action was properly instituted in the county where the land is situated. Code, sec. 51. It may be that under the facts and circumstances of this case a petition cannot be written at this time in which a cause of action can be stated, but that question should be met in another way, if occasion requires: It cannot be on a challenge of jurisdiction.